UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL D. HAWK,
        Petitioner,

v.                             Case No. 05-C-0273

STATE OF WISCONSIN,
        Respondent.

## ORDER

On March 11, 2005, Daniel D. Hawk filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Outagamie County Circuit Court of theft. He was sentenced to 4 months imprisonment and 8 years probation.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, district court judges must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During the initial review of habeas petitions, the court looks to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

On March 21, 2005 Magistrate Judge Callahan issued a Recommendation on Rule 4 Review. He concluded that "[i]t is self-evident from the assertions made by Hawk in his habeas petition that he has not yet exhausted the remedies available to him in the courts of the State of Wisconsin. Indeed, he is in the process of doing so." (Order at 2.)

Because petitioner did not exhaust his state court remedies, Judge Callahan recommended that his petition for writ of habeas corpus under 28 U.S.C. § 2254 be dismissed without prejudice.

Petitioner timely objected to the recommendation. Thus, I must conduct a de novo determination of whether the petitioner has set forth constitutional or federal law claims and exhausted available state remedies. See Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

After reviewing the record, I agree that it is clear that petitioner has not yet exhausted the remedies available to him in Wisconsin state courts. As Judge Callahan noted, it is clear that petitioner is currently in the process of exhausting his state court remedies. Petitioner, however, claims that he is unable to, and should not be required to, exhaust his state court remedies because "the state of Wisconsin lacks jurisdiction power over tribal laws." His objection is essentially that the state of Wisconsin has no jurisdiction over his appeal. However, the determination of whether the state of Wisconsin has jurisdiction is an issue that the Wisconsin state courts regularly consider on appeal. See Teague v. Bad River Band of the Lake Superior Tribe of Chippewa Indians, 265 Wis. 2d 64 (2003) (considering whether jurisdiction is appropriate in matters relating to tribal law); Teague v. Bad River Band of the Lake Superior Tribe of Chippewa Indians, 236 Wis. 2d 384 (2000) (same). Thus, petitioner's objection lacks merit and I will dismiss without prejudice the petition for writ of habeas corpus. Petitioner may file another petition after he has exhausted his state court remedies.

**THEREFORE, IT IS ORDERED** that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2005.

                                                                s/ Lynn Adelman
                                                                LYNN ADELMAN
                                                                District Judge